IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH WAYNE MILLS,

    Plaintiff,

  vs.

LOS ANGELES SUPERIOR COURT, et al.,

    Defendants.

No. 2:17-cv-2370-KJM-CMK-P

FINDINGS AND RECOMMENDATION

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint[1] (Doc. 11). Plaintiff has been granted leave to proceed in forma pauperis.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

---

[1] This case was transferred to this court by the Central District. After the transfer, plaintiff filed a first amended complaint. Other than granting plaintiff's request to proceed in forma pauperis and determining plaintiff's potential claims arose within the venue of this court, no screening has been completed.

1

from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). See, e.g., Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. See id. "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Cal. Dept. Of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008)).

Upon review of the complaint and the court's docket, it appears this action is identical to another case plaintiff has pending in this court, Mills v. Los Angeles Superior Court, 2:17-cv-2667-MCE-KJN. Both cases were transferred to this court by the United States District Court, Central District of California.[2] In both cases, plaintiff appears to be challenging his

---

[2] This case was original filed in the Central District. Plaintiff's other case was originally filed in the Northern District. The Northern District transferred that action to the

2

treatment at California Medical Facility, including cell conditions and medical treatment. However, plaintiff cannot maintain two separate actions involving the same subject matter. Normally, this court will dismiss the later filed action as duplicative. In this case, the earlier filed action is actually plaintiff's other case, Mills v. Los Angeles Superior Court, 2:17-cv-2667-MCE-KJN. That action was originally filed in the Northern District on August 30, 2017. The Northern District transferred that action to the Central District on December 15, 2017. The Central District then transferred the action to this court on December 21, 2017. In contrast, this action was originally filed in the Central District on October 3, 2017 (two months after the Northern District action commenced). The Central District transferred this action to this court on December 8, 2017. Because the other case was transferred twice, it was received in this court after the instant action, and therefore has a later filing number. However, this action was actually commenced after his other case and is therefore the later filed case. Thus, the undersigned finds that this action should be dismissed as duplicative of Mills v. Los Angeles Superior Court, 2:17-cv-2667-MCE-KJN .

Based on the foregoing, the undersigned recommends that this action be dismissed as duplicative of Mills v. Los Angeles Superior Court, 2:17-cv-2667-MCE-KJN and the pending motion[3] be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

---

Central District, who then transferred the case to this court. The Central District noted in the transfer order that the claims raised in plaintiff's other case were the same as those raised in this case. The Central District also noted that to the extent plaintiff was attempting a habeas case challenging his conviction, he already had a case filed in that court addressing those issues.

[3] Plaintiff has filed a request for a jury trial and motion to appoint counsel in this action (Doc. 19). This same request was filed in plaintiff's other action. Accordingly, the motion pending in this case is moot and need not be addressed prior to dismissal.

3

Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 16, 2018

  _____
  **CRAIG M. KELLISON**
  UNITED STATES MAGISTRATE JUDGE